IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YICKSHUN L., § | | |
|     PLAINTIFF, § | | |
| § | | |
| V. § | CASE NO. 3:21-CV-686-X-BK | |
| § | | |
| COMMISSIONER OF THE SOCIAL § | | |
| SECURITY ADMINISTRATION, § | | |
|     DEFENDANT. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(c) and *Special Order 3*, Doc. 1, this case was referred to the undersigned United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and want of prosecution.

**I. BACKGROUND**

On March 24, 2021, Plaintiff, proceeding *pro se*, filed this action to appeal the denial of his application for Social Security disability benefits. Doc. 3 at 1. In May 2021, the Court reminded Plaintiff of his then-existing[1] obligation to obtain and serve summons on Defendant and warned him that if he did not timely serve Defendant or show good cause for the failure to

---

[1] On December 1, 2022, new Supplemental Rules for Social Security Actions took effect and provided that plaintiffs no longer have a duty to serve the Commissioner with his/her summons and complaint under Federal Rule of Civil Procedure 4. FED. R. CIV. P. 3 ("The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. . . . The plaintiff need not serve a summons and complaint under Civil Rule 4.").

do so, his case would be dismissed. Doc. 4. In July 2021, after Plaintiff failed to comply, the Court twice ordered Plaintiff to either effect service, file a waiver or proof of service, or show good cause for the lack of service and, again, advised Plaintiff that this action may be dismissed for noncompliance. Doc. 5; Doc. 6. While Plaintiff requested that summons issue in August 2021, he still did not properly serve Defendant. Doc. 7. In October 2022, the Court notified Plaintiff of his failure to properly serve Defendant, again ordered him to effect service or show good cause for lack of service, yet again cautioning that his case would be dismissed without further notice if he did not comply. Doc. 10. In November 2022, the Clerk reissued summons, but Plaintiff did not effectuate service of process. Doc. 11.

In December 2022, at the Court's direction, the Clerk served the Social Security Administration's Office of General Counsel and the United States Attorney's Office for the Northern District of Texas with a copy of Plaintiff's complaint pursuant to Social Security Supplemental Rule 3. Doc. 12; Doc. 13. After Defendant filed an answer, the Court ordered Plaintiff to file a brief setting forth all errors he contends entitle him to relief and to register to use the Court's electronic filing system. Doc. 21. The deadline to comply was March 12, 2023. Doc. 21. However, to date, Plaintiff has failed to file a brief or register for the electronic filing system; nor has Plaintiff sought an extension of the time to do so.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

2

cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Generally, such a dismissal is without prejudice. However, when, as here, a litigant may be barred by the statute of limitations from reasserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice, and the court is required to apply a higher standard of review. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). In that instance, a court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff and either the court finds that lesser sanctions would not prompt diligent prosecution or the court has employed lesser sanctions that proved to be futile. *Id.* In applying this higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (citation omitted); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 442 (5th Cir. 2016) (same).

Those requisites are met here. This case has been pending for two years, and despite the issuance of five orders, Plaintiff failed to comply with the Court's directive to properly effect service of process on Defendant and failed to timely file a brief which shows his entitlement to relief. Because Plaintiff is representing himself, the delay caused by his failure to obey is attributable to him alone. *Berry*, 975 F.2d at 1191. Moreover, considering the Court's repeated extensions to permit Plaintiff to serve Defendant and Plaintiff's failure to comply—notwithstanding explicit warnings of dismissal for noncompliance—no lesser sanction will prompt diligent prosecution of this case. *See Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) ("Providing plaintiff with a second or third chance following a procedural default is a 'lenient sanction,' which, when met with further default, may justify

3

imposition of the ultimate sanction of dismissal with prejudice.") (citation omitted). Indeed, this case cannot proceed further absent Plaintiff's filing of his brief.

Under these circumstances, the Court should exercise its discretion to dismiss under Rule 41(b), even if limitations may prevent further litigation of Plaintiff's claims. *See Nottingham, 837 F.3d at 443* (finding no abuse of discretion where the district court dismissed a *pro se* action due to noncompliance with court orders).

### III. CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and want of prosecution.

**SO RECOMMENDED** on March 28, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).