IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| YICKSHUN L., §<br>　　PLAINTIFF, §<br>　　　　　§<br>V. §<br>　　　　　§<br>COMMISSIONER, SOCIAL SECURITY §<br>ADMINISTRATION, §<br>　　DEFENDANT. § | CASE NO. 3:21-CV-686-X-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and *Special Order 3*, this appeal of the denial of Plaintiff's application for Social Security disability benefits is before the undersigned United States magistrate judge for findings and a recommended disposition. For the reasons detailed herein, the Commissioner's decision should be **AFFIRMED**.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, seeks judicial review of the Commissioner's final decision denying his claim for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Doc. 3, *passim*. In his May 2018 application, Plaintiff asserted that he became disabled on September 1, 2011, as a result of diabetes, "cholesterol," hypertension, cataracts, "speech," and memory loss. Doc. 17-1 at 182. His DIB application was denied at all administrative levels, and he now appeals to this Court pursuant to 42 U.S.C. § 405(g).

Plaintiff challenges the Commissioner's decision only as it pertains to his visual impairments. Doc. 29, *passim*. Because Plaintiff's date last insured ("DLI") for blindness was December 31, 2014, Doc. 17-1 at 15, only evidence from September 1, 2011 through December

31, 2014 is pertinent.[1]  See *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000) ("Claimants bear the burden of establishing a disabling condition before the expiration of their insured status.") (citations omitted); *see also Torres v. Shalala*, 48 F.3d 887, 894 n.12 (5th Cir. 1995) (noting evidence post-dating DLI is irrelevant to the Commissioner's analysis).

Plaintiff was 55 years old on his alleged disability onset date. Doc. 17-1 at 178. He has a high school education and past relevant work as a lab coordinator. Doc. 17-1 at 33-35. Plaintiff's medical evidence for the relevant period is limited to an eye exam conducted by Dr. Tarun Ghandi, O.D., in December 2012, in conjunction with Plaintiff's effort to get his driver's license renewed. Doc. 17-1 at 243-244. During that exam, Dr. Ghandi diagnosed Plaintiff with high myopia, a mature cataract of his left eye, and a moderate cataract of his right eye. Doc. 17-1 at 243-244. Dr. Ghandi advised Plaintiff to have cataract surgery and prescribed corrective lenses to improve his left eye vision to 20/70 and right eye vision to 20/50, such that his overall vision would be improved to 20/50. Doc. 17-1 at 243-244. However, Plaintiff did not seek further treatment for his vision problems until almost three years later. Doc. 17-1 at 242.

A.  *Administrative Decision*

In January 2020, an administrative law judge ("ALJ") found that Plaintiff's vision problems did not constitute a severe impairment. Doc. 17-1 at 15-16. The ALJ specifically determined that Dr. Ghandi's examination "[did] not support a finding of blindness under the regulations" and that Plaintiff's lack of treatment and follow-up regarding these conditions "suggest[s] that symptoms were not interfering more than minimally with his daily activities." Doc. 17-1 at 16. Moreover, state agency medical consultants concluded that they lacked enough

---

[1] Plaintiff's DLI for his remaining impairments was December 31, 2007, so they are not relevant to this appeal. Doc. 17-1 at 15.

evidence to assess Plaintiff's limitations. Doc. 17-1 at 16. Accordingly, the ALJ ruled that Plaintiff was not disabled under the Act. Doc. 17-1 at 17.

## II. APPLICABLE LAW

Judicial review is limited to determining (1) whether the Commissioner's decision is supported by substantial evidence on the record as a whole and (2) whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but scrutinizes the record to determine whether substantial evidence is present. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted).

> In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the burden through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923 (citing *Legget*, 67 F.3d at 564).

## III. ANALYSIS

Beyond citing medical history post-DLI, Plaintiff relies on his 2012 visit to Dr. Ghandi as evidence of his "worsening" eye condition.[2] Doc. 29 at 1-2. In response, Defendant argues that this evidence falls short of showing that Plaintiff's condition constituted a "severe" impairment during the relevant period, as the statutory definition of blindness remains unmet. Doc. 31 at 5-6. Defendant also emphasizes that Plaintiff's reliance on evidence after the relevant period fails to establish that he was disabled based on blindness before his DLI expired. Doc. 31 at 7. The Court agrees with Defendant's assessment.

"Statutory blindness is central visual acuity of 20/200 or less in the better eye with the use of a correcting lens." 20 C.F.R. § 404.1581. In other words, vision problems will not provide a basis for disability when the claimant is not statutorily blind. *Neal v. Colvin*, No. A-14-CV-906-AWA, 2015 WL 5098796, at *4 (W.D. Tex. Aug. 31, 2015) (ruling that the ALJ properly applied the "severity" standard in deeming the plaintiff's vision problems non-severe when his visual acuity in his better eye did not meet the definition of statutory blindness).

Based on the record evidence in this case, the ALJ did not err in declaring Plaintiff's vision problems "nonsevere." *See id.* As the only relevant medical evidence establishes, Plaintiff's central visual acuity in his better eye was 20/50 with the use of a corrective lens. Doc. 17-1 at 243-244. This simply does not satisfy the regulation's requirement that a claimant's vision in the better eye be 20/200 or less when corrected to constitute a "severe" impairment. *See* 20 C.F.R. § 404.1581; *Neal*, 2015 WL 5098796, at *4.

---

[2] Plaintiff's *pro se* brief is liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

4

The ALJ also properly cited Plaintiff's lack of follow-up treatment as an indication that his claimed impairments were not severe. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (holding that doing so is appropriate as long as the claimant's failure to treat was not the result of his inability to afford treatment). And, as stated *supra*, evidence of Plaintiff's condition *after* his DLI is not relevant. *See Torres*, 48 F.3d at 894 n.12 (noting evidence post-dating DLI is irrelevant to the Commissioner's analysis).

In sum, the Commissioner's determination that Plaintiff was not disabled during the relevant period is supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision should be **AFFIRMED**.

**SO RECOMMENDED** on February 22, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

5